Our next case this morning is United States v. Kraemer. Case number 18-2454. Mr. Campion. Thank you. Good morning and may it please the court. At the district court, the judge found that both of Richard Kraemer's 1995 convictions qualified to kick in Section 2252B's 10-year mandatory minimum. The court employed the categorical approach and used Chapter 109A's four applicable offenses relating to sexual abuse as federal comparators. But the court's analysis eventually went off track. The court found that sexual abuse under 2242 sub 2, as modified by 2244A2 because Kraemer's 1995 conduct was sexual contact, she found that it was a categorical match because of the language that she found compelling, the language defining the characteristics of the victim, which in the statute is either the victim was incapable of appraising the nature of the conduct or physically incapable of declining participation in or communicating unwillingness to engage in the sexual act. Why do we need a categorical match between the state conviction and one of the crimes listed in Chapter 109A of the federal sexual abuse code? Why is it not a categorical match? Why do we need a categorical match with one of the federal crimes as opposed to just satisfying the statutory language which requires that the conviction be for a state crime relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor? Because engaging in a categorical approach involving an elements-to-elements analysis, none of them match. I'm asking why do we need a match? Because that's what we do with the categorical approach. Why do we need a match with one of the federal crimes? Because that's covered by a different section of the statute. It's not what this language says. Chapter 109 is mentioned within 2252B, and 2252B was created after the definitions that are in 109A existed, and the Supreme Court in Lockhart viewed that as telling that courts should use... The court did not decide that question in Lockhart. Well, it found it persuasive, I believe. No, the court specifically reserved that question, so we're not deciding that question. Which we do not decide. Whether the terms of 2252B2 are given their generic meaning, which is the point that I'm driving at, or are defined in light of their federal counterparts, which we do not decide. The language within 2252B, if we're looking for federal comparators... We're not looking for federal comparators, that's my point. The language that we're dealing with here doesn't require a federal comparator. It requires a state crime relating to aggravated sexual abuse, sexual abuse, or abuse of sexual conduct involving a minor. The relating to language is very broad. And that language isn't defined by reference to a federal crime. Well, I would respectfully state that I think that this court should start with looking at Chapter 109's definitions. Why? Because they exist, and they're in federal law, and they're the closest thing to a generic offense that we have, at least in this circuit. Why? Because that's what the court used in Osborne. Okay. And that decision is a little hard to understand because the court said the best place to start is the federal crimes. But it didn't purport to impose a doctrinal requirement on the categorical approach. No, but then I'm here to try to convince the court that that is the best way to do it. And here's why. Because it's the cleanest approach. It is a conservative approach. It takes definitions that Congress has come up with already rather than seeking to look at the state offenses from all over the country and see if it applies. But how is it linked to the statutory language? Let's start there. Could the court rephrase that, please? How is it? The statutory language doesn't say that the state crime must be a match to the federal crime or any words to that effect. 2252b? Right. It doesn't require any kind of a match to a federal crime that's on the federal statute books. It does not explicitly state that. But if the court looks at Mullooly, Mullooly is the immigration case. And in that case, it does reference a particular statute. Right. It says there must be. More specifically. The state conviction has to relate to a substance, a controlled substance on the federal list. That's very different. Well, the 2252 also, it enumerates a number of different federal statutes and Chapter 109. And then it does say relating to any state statute relating to sexual abuse and the rest of the language. I agree with that. That's really broad. The language could be viewed as broad, but I'm urging the court not to do that. Again, because Osborne did not do that. This court has not done that. This court has not adopted. Other courts have. Other courts have. And in fact, we're a little out of step with other courts that read this language very broadly. They don't read it as confined to the federal sex abuse code. And I think to a flaw, as I seek to lay out in our briefs, it leads to a lot of mischief. It leads to a lot of extra work for district courts. It leads to disparate results. And at the very end of my reply brief, I noted the statistics about raising rates in position of mandatory minimums. And what essentially we're getting down to is simply it does not circumscribe what the court can give somebody in terms of additional time. It circumscribes only 0 to 10. Judge Pepper, in this case, had all of that leverage, all of that sentence available to her, 0 to 20. And she found, I think through a flawed categorical analysis, eventually flawed, that the mandatory minimum should apply. But we're not talking about something that opens up floodgates for sex offenders or minimizes courts from opposing a sentence they might want to do otherwise, unless it's less than 10 years. So I don't think... These are all policy arguments. I'm looking for an interpretive argument about what the statute means. I believe that... When it directs us to look for state crimes relating to abusive sexual conduct involving a minor or sexual abuse or aggravated sexual abuse. Simply stated, Osborne tells us to look at 109A. So that's what we've done. That's a good place to start. It doesn't say we're limited to that. The problem is that not doing that removes precision from the inquiry. It would require sentencing courts to look at the similarities between... Well, back in policy land, I'm looking for statutory text and what the words mean. Go ahead. Please answer the judge's question. If you had to give us a generic definition of a crime relating to abusive sexual conduct involving a minor, what would that generic offense consist of? It's not going to satisfy the court, I don't think, here. But I would simply point to the various definitions in 109A. Developing a generic statute that the court could use is time-consuming. It involves a lot of decisions, what age cutoff, if the age is increased, does it lead to additional factors that the government should have to prove. It would be something of a mess, and Congress has already done it in 109A. So there's simply no need to do it any longer. Except 109A and the statutes of the various states are set forth separately in the statute that we have to apply here. As the judge says, they're set off in commas. Sounds like Congress was very much well aware that states had statutes which were very different than the offenses set forth in 109, and that was fine. Well, the last thing I'd say about that is that in Malooly, the court noted that federal statutes don't cover all drug activity or all crimes related to drug use. Osborne said the same thing with regard to federal sentencing laws not covering all sexual conduct. So it's not going to grab everything. The categorical approach doesn't necessarily lead to perfect results, but the strict categorical approach here is a much cleaner way of doing it. I'd like to reserve whatever time I have left. Mr. Koenig. Good morning, and may it please the Court. My name is Jonathan Koenig, and I appear on behalf of the United States this morning. The panel's questions have anticipated most of the arguments that I hope to make. The question before the Court is not to decide in a vacuum what kind of categorical approach would be easiest or cleanest or best. It has to decide what kind of analysis to apply in light of the statutory language in 2252B, which, as the panel acknowledged in its questions, does contain this relating to language. And our position is that that language does have a broadening effect. So not only do we not have to have a comparison with a Chapter 109A offense, but we also don't have to have an exact match. There can be a slight difference in age, for example, and the offense in Chapter 109A would still be an illustrative offense. What do you do with Osborne then? I'm sorry? What do we do with Osborne? Well, it seems to me Osborne is consistent with and not opposed to the government's position. Tell me how. The Court there talked about the use of language similar to, I guess, extrapolating from, relating to. And it did seem to express a preference for looking to Chapter 109A first, maybe. But I don't think it's quite as hard and fast as Mr. Campion makes it sound. A further point. We have Supreme Court cases dealing with the word similar, relating.  Some of this tells us to interpret them narrowly. What do we do? Well, the case that's been brought to my attention by opposing counsel is Mullooly, which we do think is distinguishable for a bunch of reasons. The language there in the removal statute was very, very specific. And it said that the predicate had to relate to a controlled substance as defined in Section 802 of Title 21. We don't have anything that narrow in the federal statute here at all, not even close. And so for the reasons set forth in the Bennett decision from the Tenth Circuit, in footnote 7 of the Geasland decision, and also in the Ninth Circuit Sullivan decision, we would argue that Mullooly is not a problem. In fact, as a general proposition, Mullooly acknowledges that relating to as a broadening effect, it held in that particular case because of the very specific parenthetical referencing Title 21, that it couldn't have a broadening effect or it wouldn't make sense. That passage in Osborne about it being best to require a match, or not an exact match, but that the state predicate be similar to one of the crimes of sexual abuse delineated in Chapter 109A, cites as authority the Begay case. This is the approach taken by the Begay case. How does that follow? I'll be honest. I'm not sure I know, Your Honor. And what has become of it? I personally find the Geasland decision, even though it's unpublished, much easier to follow in terms of its analysis. I don't think there is, I honestly don't, I can't speak intelligently to how Begay applies in this particular context. If you'd like me to submit something, I'd be happy to. Let's maybe take the incrustated doctrine off the table and start from the beginning. Okay. What does this statute require on its face? It requires that in order for the mandatory minimum to apply, the defendant have a prior conviction that relates to sexual abuse of a minor. And what's the common understanding of that term? If we were looking for a generic offense, what would its elements be? Yes, well, to answer the question that you put to Mr. Campion, if I were to propose a definition, it would probably be the one in Sonnenberg by the Eighth Circuit, their decision in Sonnenberg. They say sexual abuse of a minor means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification. That seems to me to be a pretty good generic definition of sexual abuse of a minor. The generic approach cases are not terribly specific in this regard, but that is the best formulation that I was able to come across. I guess another point that flows from what I was discussing earlier in connection with Malouly is that Congress knows how to require an exact match. And it has done so in other statutes. We cite some of them in footnote five of our brief. One of them is 18 U.S.C. section 3559, which basically says if your prior state offense would have been a federal offense, had there been a jurisdictional element satisfied, like interstate commerce or the offense occurred on federal land, then it counts. So Congress knows how to say there has to be an exact match. And it didn't do that in this case. It said relate to, not that it be abusive sexual contact. So on that note, I would just conclude. I'd be happy to answer any further questions. Are you aware of any, if the term sexual abuse of a minor is a term of art in the criminal law and if it has a definition? When the Supreme Court was looking for the generic definition of burglary in light of the variant definitions in state law of that crime, the court looked to the criminal law understanding of the elements of burglary. And in that case, there was a common law predecessor to the statutory definition of the crime that exists in different forms in all 50 states. And I'm asking a similar question here. If we're starting from scratch and deciding what the generic offense of sexual abuse of a minor entails in terms of its elements, are you aware of a generic criminal law definition of what the baseline elements of that offense would include? I guess unfortunately for my position, it's a bit more complicated in this area of the law because there's been some evolution of the common law and because the states define these offenses differently. But you can't read 2254b2 as really acknowledging that the states do have different approaches and saying that's just fine. Exactly. That's why from our perspective, it makes sense to read 2252b2 as sweeping in different definitions as opposed to requiring an exact match with the federal statute. Well, right. But when the Supreme Court was dealing with burglary, the same is true. The common law definition has evolved and state statutes have built on it and expanded it and taken the crime in different directions in terms of what it encompasses and how it's punished. Same is true of sex crimes against children and sex crimes in general. So we're looking for the bottom line baseline. What does it include? Does the criminal law speak to that? Yes. I guess I would have to submit additional briefing on that, Your Honor, because you're asking a question that requires an awful lot of research into the development of the common law in sex crimes against children. It's basically sexual contact with a minor who is considered unable to consent as a matter of law. Which we've tried to develop in our brief, but at least in Wisconsin where we focused our analysis, the assumption of the courts has always been that minors are unable to consent. And, in fact, as observed in Osborne, that's what makes sexual activity with very young children abusive. So, again, our focus has been on Wisconsin. Is there any helpful legislative history on exactly what Congress was trying to do here in 2254b2? Not that I was able to find, Your Honor, beyond general statements about the seriousness of the underlying problem. I'm sorry, what problem? I couldn't find anything specific to what was Congress hoping to achieve with this language. I understand. The use of the term relating to suggests casting a wide net. Yes, it does. And the use of these sort of generic terms, abusive sexual conduct involving a minor. And it would make sense, you know, while there's no legislative history that I've been able to find, I'm running out of time, it would make sense that Congress wanted to cast a broad net, considering that there are 50 states and they all define these crimes a little bit differently. Thank you very much. We would ask you to affirm the sentence. Thank you. Mr. Campion, I'm going to give you extra time because we had you at the podium with lots of questions. You can have two minutes. And if you would perhaps, if you're aware of the answer to my question about how the criminal law in general defines sexual abuse of a minor, statutory definitions aside. I think Mr. Koenig will beg off more artfully than I will, but I think I would just use the same response. Apologetically. I want to say one thing about the relating to, which the court just suggested it casts a wide net. And, you know, in the ordinary language, the dictionary, I don't disagree with that. But I want to go back to Malooly for a moment. And I realize Malooly specifically talks about 802. But Malooly states relating to a controlled substance parent as defined in Section 802 of Title 21. Now, then the court basically said that paraphernalia does not relate to that. And I think if you asked an ordinary citizen, if you asked them, do you think drug paraphernalia relates to drugs that are set forth in this federal statute? Most people would say, yeah, it seems to relate to that. And the Supreme Court rejected that expansion of relating to. The court. Because the crime didn't require drug paraphernalia linked to a controlled substance in federal law as the federal statute requires. I agree. The court said there had to be a link in the statutory definition in state law. Generally, I believe that it informs us of the way the Supreme Court views the language relating to. I mean, as indicated earlier, the court sometimes uses it expansively, sometimes not. Just going back to my fundamental premise, I believe the categorical approach requires a standard that provides notice. It can be applied consistently. It doesn't require judges to look at underlying facts. It makes further decisions. And it's just a cleaner way of doing things. Thank you. Thank you. Our thanks to both counsel. The case is taken under advisement.